UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROLYN COPELAND**, <br><br> Plaintiff, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**,[1] <br><br> Defendant. | Case No. 25-cv-1792 (CRC) |

### MEMORANDUM OPINION

Plaintiff Carolyn Copeland filed this lawsuit against the Metropolitan Police Department ("MPD"), alleging that an unknown MPD officer used excessive force against her while executing a warrant at her residence. She brought claims under 42 U.S.C. § 1983 and "D.C. Common Law" in the Superior Court of the District of Columbia, seeking millions of dollars in damages. The District of Columbia (the "District") removed the case to this Court and now moves to dismiss the complaint. Because Copeland's claims are time-barred, the Court grants the District's motion and dismisses the complaint with prejudice.

### I. Background

On June 24, 2021, MPD officers arrived at Copeland's residence to execute an arrest warrant for her son.[2] Compl. (ECF No. 1-2) ¶ 1. Copeland alleges that the arrest "was based on a false claim that was never presented to the court or properly investigated by [MPD]." Id. ¶ 3.

---

[1] By substitution for the Metropolitan Police Department. See Sampson v. D.C. Dep't of Corr., 20 F. Supp. 3d 282, 285 (D.D.C. 2014) ("When a plaintiff erroneously names as a defendant a District of Columbia agency instead of the District of Columbia itself, a court may substitute the District as a defendant for its agency.").

[2] The timestamps on the officers' body-worn camera footage confirm that the incident took place on June 24, 2021. See Def.'s Mot. to Dismiss, Ex. 1; id., Ex. 2.

When the officers entered her residence, she contends that one of them "forcefully rammed into [her], causing her to fall and sustain serious injuries." Id. ¶ 1; see also Mem. in Opp'n to Mot. to Dismiss ("Opp'n") at 2 (stating that the officers "entered [Copeland's] home without warning and with extreme aggression"). As a result of her alleged injuries, Copeland claims she was hospitalized, underwent back surgery, and required extensive recovery. Compl. ¶ 1. She says she "continue[s] to deal with the trauma that resulted from that day." Opp'n at 1.

On June 24, 2024—exactly three years after the incident—Copeland filed a different lawsuit against the District of Columbia and the unknown officer. See Compl. (ECF No. 1-2), Ward v. District of Columbia, No. 24-cv-2319 (CRC) (D.D.C. Aug. 8, 2024). But after her counsel withdrew from the case and she failed to respond to the District's motion to dismiss, the Court dismissed the case without prejudice for want of prosecution. The Clerk of the Court closed the case in January 2025.

Three months later, Copeland filed a Superior Court complaint in this case. She again "assert[s] violations of her constitutional rights and challeng[es] the Metropolitan Police Department's policies" under 42 U.S.C. § 1983. Compl. ¶ 1; see Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978). After receiving a copy of the complaint, the District removed the case to this Court. See 28 U.S.C. § 1441(a). It then moved to dismiss the complaint because (1) Copeland failed to properly serve the District; (2) the MPD is *non sui juris*; (3) the claims are time-barred under the three-year statute of limitations for § 1983 claims brought in the District; and (4) the complaint failed to plausibly state a claim under Monell or D.C. common law. See Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss the Complaint ("Mot. to Dismiss") at 1. The Court advised Copeland that if she did not respond to MPD's motion to dismiss, the Court could grant the motion and dismiss the case. See Order (ECF No. 9) at 1–3 (citing Fox v.

2

Strickland, 837 F.2d 507 (D.C. Cir. 1988) (per curiam), and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992)).  Copeland did not directly respond to MPD's motion, but instead filed a two-page letter asking the Court to refrain from dismissing the case so that she may "be heard" and "receive a fair opportunity to pursue justice."  Opp'n at 2.[3]  The Court construes Copeland's letter as an opposition to the District's motion to dismiss.[4]

## II. Legal Standards

A defendant may raise an affirmative defense—including the statute of limitations—in a pre-answer motion.  See Jones v. Bock, 549 U.S. 199, 215 (2007); Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998).  To be sure, motions to dismiss based on a statute of limitations defense are "generally disfavored," and courts "should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint."  Doe v. Kipp DC Supporting Corp., 373 F. Supp. 3d 1, 7 (D.D.C. 2019) (quoting Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam)); Stewart v. Int'l Union, Sec., Police & Fire Pros. of Am., 271 F. Supp. 3d 276, 280 (D.D.C. 2017) ("Because a statute of limitations is an affirmative defense . . . the plaintiff need not allege facts establishing the timeliness of her claim.").  However, dismissal may nonetheless be warranted when "the facts that give rise to the defense are clear from the face of the complaint."  Stewart, 271 F. Supp. 3d at 280 (quoting Smith-Haynie, 155 F.3d at 578); see also Smith v. Brown & Williamson Tobacco Corp., 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (noting that a court may dismiss a complaint on statute of limitations grounds if "'no reasonable person could disagree on the date' on which the cause of

---

[3] The Court construes Copeland's letter as both an opposition to the District's motion to dismiss and a motion to prosecute the case.

[4] The letter is also docketed as a "Motion to Prosecute Case."  See ECF No. 11.

action accrued" (citation omitted)).  The Court may also dismiss a complaint with prejudice if it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Firestone, 76 F.3d at 1209 (citation and internal quotation marks omitted).

A pro se complaint "is to be 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'"  Ho v. Garland, 106 F.4th 47, 50 (D.C. Cir. 2024) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).  The Court should "consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss."  Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015) (citation omitted).  However, pro se complaints "must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ho, 106 F.4th at 50 (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**III. Analysis**

The District submits that Copeland's claims under 42 U.S.C. § 1983 and D.C. common law are barred by the applicable statutes of limitations because she filed this lawsuit more than three years after the MPD officers allegedly used excessive force at her residence.  The Court agrees.[5]

A. Section 1983 Claim

Section 1983 does not have a specific statute of limitations, so the applicable limitations period "is that which the State provides for personal-injury torts."  Wallace v. Kato, 549 U.S. 384, 387 (2007).  When state law provides multiple statutes of limitations, courts "should borrow

---

[5] Because the District's statute of limitations defense is dispositive, the Court declines to address the remaining arguments in its motion to dismiss.

4

the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249–50 (1989). The District of Columbia has two statutes of limitations for tort claims: a one-year statute for certain intentional torts, and a three-year residual statute for all other tort actions. Earle v. District of Columbia, 707 F.3d 299, 305 (D.C. Cir. 2012) (citing D.C. Code § 12–301(4), (8)). Accordingly, courts in this circuit apply the three-year statute of limitations to § 1983 claims. Id.; see also Bundy v. Sessions, 387 F. Supp. 3d 121, 125 (D.D.C. 2019), aff'd, 812 F. App'x 1 (D.C. Cir. 2020).

Unlike the statute-of-limitations period, the date on which a § 1983 action accrues "is a question of federal law that is *not* resolved by reference to state law." Earle, 707 F.3d at 305 (quoting Wallace, 549 U.S. at 388). Under federal law, § 1983 claims accrue when the plaintiff has "a complete and present cause of action" and may "file suit and obtain relief." Hill v. Gray, 28 F. Supp. 3d 47, 57 (D.D.C. 2014) (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). That is, the three-year clock generally begins "when the challenged wrongful conduct occurs." Lattisaw v. District of Columbia, 118 F. Supp. 3d 142, 160 (D.D.C. 2015) (citing Earle, 707 F.3d at 305), aff'd, 672 F. App'x 22 (D.C. Cir. 2016); see Simpson v. D.C. Metro. Police Dep't, 789 F. Supp. 5, 8 (D.D.C. 1992) ("It is . . . clear that a cause of action normally accrues at the time a complainant suffers actual injury.").

Here, it is undisputed that Copeland's § 1983 claim accrued when MPD officers purportedly used excessive force when entering her residence on June 24, 2021. Thus, the three-year limitations period elapsed on June 24, 2024. See D.C. Code § 12–301(8). Copeland did not initiate this lawsuit until April 28, 2025, so her complaint is untimely. See Wallace, 549 U.S. at 388 (noting that a plaintiff could bring a § 1983 claim "as soon as the allegedly wrongful [police activity] occurred," so the statute of limitations would "commence to run from that date").

5

There is also no evidence that the limitations period should have been tolled between the date of the incident and the date Copeland initiated this case. "A federal court considering a section 1983 claim . . . applies the tolling rules of the jurisdiction from which it draws the limitations period so long as those rules are not 'inconsistent with the policies underlying § 1983.'" Earle, 707 F.3d at 305 (quoting Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 487 (1980)). Here, then, the Court looks to D.C. law for the relevant statutory and common law tolling rules. Id.

The D.C. tolling statute is inapplicable, as it only applies to plaintiffs who are "under 18 years of age," "non compos mentis," or "imprisoned." D.C. Code § 12-302(a). Moreover, D.C. law ordinarily "does not recognize an equitable tolling exception to the statute of limitations." Bundy, 387 F. Supp. 3d at 125 (quoting Johnson v. Marcheta Invs. Ltd. P'ship, 711 A.2d 109, 112 (D.C. 1998)). And neither "limited exception[]" to the statute of limitations recognized by D.C. courts—the lulling doctrine and the discovery rule—are implicated here. East v. Graphic Arts Indus. Joint Pension Tr., 718 A.2d 153, 156 (D.C. 1998). Without any basis to toll the limitations period, the Court concludes that Copeland's § 1983 claim is time-barred and must be dismissed with prejudice.[6]

### B. D.C. Common Law Claims

Copeland's unspecified common law claims fare no better. The complaint only states that she "raises claims under D.C. Common Law." Compl. ¶ 1. But any plausible claim she

---

[6] Copeland's prior lawsuit in this Court did not toll the limitations period because D.C. law "does not contemplate the invocation of equitable tolling in response to the assertion of the limitations defense following a dismissal without prejudice." Sayyad v. Fawzi, 674 A.2d 905, 906 (D.C. 1996) (per curiam); see also Dupree v. Jefferson, 666 F.2d 606, 610–11 (D.C. Cir. 1981) (concluding that the statute of limitations period "was not arrested during pendency of [the plaintiff's] first action which was involuntarily dismissed without prejudice for want of prosecution").

could bring would also be barred by the applicable statute of limitations. Assault, battery, mayhem, wounding, malicious prosecution, and false arrest are all subject to a one-year limitations period. See D.C. Code § 12-301(a)(4). Claims for "recovery of damages for an injury to real or personal property" must be filed within three years after accrual. Id. § 12-301(a)(3). And, as noted above, the statute of limitations for claims "not otherwise specially prescribed" is three years. Id. § 12-301(a)(8). Because Copeland's common law claims would be barred under even the most generous statute of limitations, they too would be subject to dismissal with prejudice.

## IV. Conclusion

For the foregoing reasons, the Court will grant the District's [7] Motion to Dismiss. A separate Order shall accompany this memorandum opinion.

　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER R. COOPER
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date: February 4, 2026

7